693 A.2d 60

**Richard G. NAEDEL**

v.

**Diane L. NAEDEL.**

**No. 1139, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

May 1, 1997.

348

Glenn M. Cooper (Kathleen M. Dumais and Paley, Rothman, Goldstein, Rosenberg & Cooper, Chartered, on the brief), Bethesda, for appellant.

Steven D. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on the brief), Baltimore, for appellee.

Argued before MOYLAN, WENNER and HOLLANDER, JJ.

WENNER, Judge.

Appellant, Richard G. Naedel, appeals from the judgment of the Circuit Court for Montgomery County entered in favor of appellee, his former wife, Diane L. Naedel. On appeal, we are presented with the following questions:

(1) Where appellant's alimony obligation is not part of any court order, but created only by contract, did the court err in determining that appellant's spousal support obligation was an order for support issued by a court as required by 15 U.S.C. Section 1673(b)(1)(A); and

(2) Did the court improperly order that 60 percent of appellant's disposable earnings were subject to an earnings withholding order?

We shall respond in the affirmative, and reverse the judgment of the circuit court.

## Facts

The parties' marriage ended on 1 June 1987 by a judgment of divorced issued by the Circuit Court for Montgomery County. The judgment of divorce provided that the provisions of the separation and property settlement agreement (Agreement) executed by the parties "be and the same are hereby incorporated, but not merged, in this Judgment of Absolute Divorce insofar as the Court has jurisdiction." Although the Agreement was subsequently amended, appellant's monthly obligation for child support remained at $1,000. The Agreement also required appellant to provide appellee non-modifiable monthly alimony of $1,500.

Unfortunately for appellant, his job was terminated on 27 January 1994, resulting in his filing a Petition to Modify/Suspend Support Obligations. Following a hearing, a domestic relations master recommended that appellant's monthly child support obligation be reduced to $113.00,[1] but recommended that his monthly alimony obligation remain the same.[2] According to the Agreement, this obligation is non-modifiable.

The trial court ultimately reduced appellant's monthly child support obligation to $342.00. After appellee subsequently sought to have appellant cited for contempt, the issue was whether appellant's alimony obligation resulted from a court order as required by the Federal Consumer Credit Protection

---

1. We note that the master concluded that appellant's "failure to fulfill his court-ordered obligation with respect to child support is not ... a wilful or deliberate flaunting of a court order, but is rather the result of his being involuntarily terminated from his employment." The master was also satisfied that appellant had made reasonable efforts to obtain new employment and that appellant "is trying to become employed at a level where he can fulfill the responsibilities to his former wife and child as set forth in their Agreements, a necessary goal particularly in light of the fact that one of those responsibilities (alimony) is nonmodifiable and is accruing an arrearage at the rate of $1,500.00 per month."

2. Appellant had obtained new employment affording him less income.

Act, 15 U.S.C. § 1673(b)(1)(A), and whether it was appropriate to withhold the maximum of appellant's disposable earnings pursuant to U.S.C. § 1673(b)(2)(B).

Following a hearing, the trial court entered an earnings withholding order directing appellant's employer to withhold the "full amount of the Court ordered child support and alimony, or, if that withholding would represent more than 60% of the Defendant's [appellant's] disposable earnings as defined by 15 U.S.C. § 1673, then the withholding shall be limited to 60% of the disposable earnings." This appeal followed.

## Discussion

Since appellant principally contends the circuit court erred in interpreting the Federal Consumer Protection Act (the Act), we will begin by considering the language of the Act. Section 1673(a) provides, "Except as provided in subsection (b) and in section 305, the maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment may not exceed 25 per centum of his disposable earnings for that week. . . ." Section (b) provides that "the restrictions of subsection (a) do not apply in the case of any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review. . . ."

According to appellant, none of section (b)'s exceptions apply to his alimony obligation as the obligation was neither court ordered nor subject to judicial review.

According to appellee, the trial court properly ordered withholding. As appellee sees it, since the trial court ordered appellant to pay alimony, 50 to 65% of appellant's disposable earnings may be withheld pursuant to the Act. Moreover, because "[t]he court may enforce by power of contempt . . ." Md.Code Ann. Family Law Article, § 8–105(a)(1), "provisions of a deed, agreement, or settlement that are merged into a

divorce decree ...," the agreement is court ordered. We disagree.

The Act resulted from the perception of Congress that "the unrestricted garnishment of compensation due for personal services encourages the making of predatory extensions of credit." 15 U.S.C. § 1671(a)(1). Affording protection to consumers, Congress limited garnishment of one's wages to 25%. Recognizing, however, the occasional necessity for a more substantial garnishment, § 1673(b) provides several exceptions to this limit.

Not only are those exceptions narrow in scope, Congress obviously wished to ensure that the exceptions not swallow subsection (a). For example, § 1673(b)(1)(A) provides that "the restrictions of subsection (a) do not apply in the case of any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review."

In enacting § 1673(b)(1)(A), Congress recognized the occasional need for increased withholding to comply with support obligations, but limited the occasions on which it may be invoked. Hence, as appellant's alimony obligation is contained in the Agreement, it does not comport with § 1673(b)(1)(A). In the first place, the trial court did not order appellant's alimony obligation; it stems from the Agreement, a contract the parties voluntarily entered into.

Consequently, appellant's alimony obligation is also not subject to judicial review.[3] As we have noted, the Agreement provides for non-modifiable alimony. Moreover, the master was unable to modify appellant's alimony obligation despite a

---

**3.** As appellant correctly points out, an exception to restriction of garnishments is logical when relevant orders are subject to judicial review, as the obligor remains protected by the Court which may, upon a change of circumstances, modify her/his obligation. In the instant case, as the alimony is non-modifiable, judicial review is not available to appellant.

significant change in his financial circumstances, although it did substantially reduce appellant's child support obligation. For appellant now to contend the Agreement is subject to judicial review is rather disingenuous, at best, since he now urges judicial review after benefitting from its absence.

Finally, using the conjunctive "and" between the provisions of § 1673(b)(1)(a) makes clear that each element must be complied with in order to invoke this exception. As the elements "a court order" and "subject to judicial review" are not here present, the trial court erred in ordering that 60% of appellant's wages be withheld to satisfy his alimony obligation. Consequently, we shall reverse the judgment of the circuit court.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**